Cheves, J.
dissenting, delivered the following opinion:
In this case I do not concur with my brethren. The pleadings have not been before us, but I understand one of the averments in the declaration to be, that the negro was the property of the *379 plaintiff; because, from the report of the presiding Judge, it appears the plaintiff went into evidence of long possession to establish his title, and the Judge charged the Jury in estimating their damages, that they should find his value as a part thereof — and the Jury found accordingly. But if the pleadings did not contain this averment; if the plaintiff gave evidence of his title, and the Court charged the Jury that they should give damages as if the title were in the plaintiff, by giving damages for his value, and the Jury actually gave his value; as it regards the present question, the .case must be the same. The defendant offered to give evidence, that the negro did not belong to the plaintiff, but to another person, which was rejected by the Court; and this is a motion for a new trial, on the ground that this testimony should have been received. There are other grounds relied upon, but 1 will only consider whether the defendant ought not, under the circumstances of this case, to have been permitted to prove the title to the negro to be out of the plaintiff? If the plaintiff averred in his declaration that the negro was his property, in an action in which damages was the object, this was a material averment, and ought to have been proved by him; evidence was, in fact, given by him to support it: and can it be possible, that, on a point which it is essential the plaintiff should prove, and on which he ac *380 tually srives evidence, the defendant shall not be J B permitted to give evidence in reply ? Can the vei7 same damages, all other circumstances be-equal, be justifiable where the article is, and where it is hot, the property of the plaintiff? Can it be so'immaterial, that it ought not to be submitted to \he Jury for their consideration? Can it be possible for the Court to charge, that the J ury should give damages for the value of the property, which can be founded only on the plaintiff’s being the owner of the negro, and yet the defendant be denied the right of giving evidence to show that the plaintiff was not the owner of the negro? Can it be equitable or legal that the plaintiff should recover in this action the value of the negro, as the value of the negro, to which in no form of action, and under no circumstances that I can imagine, can he be entitled, but on the ground that he is really the owner; and yet the defendant be denied the opportunity of controverting the fact? Yet the affirmative of all these questions must be admitted to be right, if this verdict be permitted to stand. It appears to be a necessary presumption, that the declaration contained an averment, that the negro was the property of the plaintiff; because he could not otherwise have claimed damages for the value of the negro. It is certain, the presiding Judge did charge the Jury to give damages for his value; *381 it is certain, the Jury did give damages speeifically for his value; and it is certain, the defendant was precluded from giving evidence that the plaintiff was not the owner of the negro. think, then, it is very clear, the evidence ought to have been received; and, therefore, that a new trial ought to be granted.